James G. LEBLOCH; et al.,
Petitioners–Appellants,

v.

COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.

No. 07–74364.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2009.

Filed Feb. 12, 2009.

conclusions of law are reviewed de novo, and questions of fact are reviewed for clear error." *Id.* (internal quotation marks omitted). We review the tax court's management of the trial, including its decision to limit testimony, for abuse of discretion. *See Pierce v. County of Orange,* 526 F.3d 1190, 1199–1200 (9th Cir.2008).

James G. Lebloch, Newport Beach, CA, pro se.

Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Richard Morrison, Esquire, U.S. Department of Justice, Donald L. Korb, Esquire, Acting Chief Counsel, Washington, DC, for Respondent–Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,* District Judge.

## MEMORANDUM **

Taxpayers James LeBloch and Cathy Michelsen appeal the tax court's decision finding them liable for deficiencies and penalties, entered after a bench trial. We "review decisions of the Tax Court under the same standards as civil bench trials in the district court." *Johanson v. Comm'r,* 541 F.3d 973, 976 (9th Cir.2008) (internal quotation marks omitted). "Therefore,

■ 1. The tax court justifiably permitted the Commissioner to reconstruct the taxpayers' income using a bank deposit analysis. *See Palmer v. U.S. IRS,* 116 F.3d 1309, 1312 (9th Cir.1997) ("Courts have long held that the IRS may rationally use statistics to reconstruct income where taxpayers fail to offer accurate records."). The tax court found no credible evidence in the record that the taxpayers provided the Commissioner with adequate records in a timely manner. This factual finding is not clearly erroneous.

2. However, in conducting the bank deposit analysis, the tax court unreasonably calculated the taxpayers' reported "wages less withholdings," i.e., one of the amounts to be subtracted from the amount deposited in the bank accounts. *See id.* ("When taxpayers have challenged income reconstructions based on statistics, courts have affirmed the determinations where the statistics are reasonably employed."). Subtracting the taxpayers' withholdings[1] from the wages in Box 1 on the taxpayers' W–2 forms reveals that the Commissioner's figures understate the taxpayers' "wages (less withholdings)" for 1997, 1998, and 1999. It appears that the tax court's calculation failed to recognize that deductions

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. These withholdings include federal tax, state tax, social security, medicare, and California state disability insurance.

for pre-tax Thrift Savings Plan contributions were *already* netted out of the income shown in Box 1. Accordingly, the tax court must correct the "wages less withholdings" component of the taxpayers' reported income.

■ 3. The tax court abused its discretion by effectively cutting off the taxpayers' testimony regarding their deduction claim for 1997 travel expenses, and then finding a failure of proof. *See Pierce,* 526 F.3d at 1200. During Michelsen's testimony about these expenses, the tax court informed the taxpayers that "this testimony is now cumulative" because "the witness is able to identify the records, and is able to substantiate them from a business point of view." Relying on this statement, the taxpayers acceded to the tax court's request to move on to a different topic. Yet, in its opinion, the tax court concluded that the taxpayers did not "persuade us that they have satisfied the requirement for deductibility...." We do not rule on whether the taxpayers satisfied their burden, but instead vacate this portion of the tax court's opinion and remand for the tax court to give the taxpayers an opportunity to complete their proof on this subject.

■ 4. The tax court did not clearly err in excluding the taxpayers' claimed deductions for legal expenses, meal expenses, and travel expenses in the year 1999. The taxpayers submitted no documentary evidence of their legal expenses. Although the taxpayers submitted receipts in support of their claimed deductions for meal expenses, they provided no testimony or evidence substantiating the business purposes of the expenses or the business relationships to the taxpayers of the persons entertained, which are required by I.R.C. § 274(d). Although the taxpayers submitted receipts in support of their claimed deductions for travel expenses, the taxpayers failed to identify which days of travel qualify as "days of business activity," as required by 26 C.F.R. § 1.274-4(d)(2).

5. Finally, we determine that the taxpayers have failed to show that the tax court clearly erred in excluding the taxpayers' claimed deductions for 1997 "other" expenses.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**